UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITES STATES OF AMERICA

Plaintiff,

v.

JOSE FARIAS BARAJAS,

Defendant.

Case No. 5:12-cr-00723-EJD

**ORDER RE: PLAINTIFF'S MOTION FOR DISCLOSURE OF EXPERT MATERIALS**

Re: Dkt. No. 118

On March 20, 2014, Defendant Jose Farias Barajas ("Defendant") pled guilty pursuant to a written plea agreement under Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) to Counts 1, 5, 6 and 7 of the Superseding Indictment, charging him with Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), Using a Firearm During and In Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c), Using a Firearm During and In Relation to a Crime of Violence Resulting in Murder in violation of 18 U.S.C. § 924(j)(1), and Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and 21 U.S.C. § 846. Sentencing is currently scheduled for November 12, 2015. See Docket Item Nos. 71, 72.

Subsequent to the plea, Defendant was evaluated by a psychologist, Dr. Timothy Derning, who prepared a written report (the "Psychological Evaluation Report"). Defendant submitted the Psychological Evaluation Report in support of his position for sentencing.

In response to Defendant's submission, Plaintiff United States of America (the "Government") filed a Motion for Disclosure of Expert Materials. See Docket 118. The Government seeks disclosure of all sources of information used by Dr. Derning to prepare the

Psychological Evaluation Report. Defendant filed a response to the motion in which he identifies items he has disclosed and states objections to the disclosure of other material. See Docket Item No. 119.

Having heard the arguments of counsel and considered the pleadings filed by both parties, and in light of Federal Rules of Criminal Procedure 16(b)(1)(B), 16(1)(C); 26.2(a) through (d), 26.2(f) and 32(i)(2), the court orders as follows as to certain of the Government's requests:

| REQUEST | ORDER |
| --- | --- |
| "Any notes that Dr. Derning has (his own notes or those of other people that were provided to him) that reflect information that he was provided on this case." | Dr. Derning's notes are work product and need not be disclosed. If he is called as a witness at the sentencing hearing, Dr. Derning can be examined as to his findings and the reasons for his opinions. |
| "Results of Dr. Amanda Gregory's assessment of the defendant in August and September 2013." | The Court will order the production of raw data from testing administered to Defendant but only to an expert identified by the Government. In other words, any such disclosure would occur "from expert to expert" pursuant to a subsequent order entered after the court is informed of the Government's expert. This order applies to all the raw data from each test administered to Defendant. |
| "Raw data from testing, any notes Dr. Derning made regarding the testing, and any documented communications in this regard (emails, letters, etc.)." | If Dr. Derning is in possession of raw data from testing he administered, then, as already indicated, such raw data will only be provided to an expert identified by the Government to assist them in this case.<br><br>Dr. Derning's notes and communications are work product and need not be disclosed. |
| "Interview notes of investigator Cheryl Nuss." | It appears that Ms. Nuss' reports have been disclosed. Any notes are work product and need not be disclosed. |
| "Notes and/or reports of telephonic interviews with Sharon Williams, Yuana Torres, and Umberto Castillo." | If any notes exist, they are work product and need not be disclosed. Dr. Derning may be examined as to the reasons for his opinion. |
| "Notes and/or reports of any additional witnesses with whom Dr. Derning spoke about Mr. Barajas's mental condition, including defense, defense investigators, or others." | If Defendant is aware or becomes aware of any additional witnesses with whom Dr. Derning spoke regarding Defendant's mental condition, it shall identify those persons as soon as possible. Any notes Dr. Derning may have |

Case No.: 5:12-cr-00723-EJD
ORDER RE: PLAINTIFF'S MOTION FOR DISCLOSURE OF EXPERT MATERIALS

| | taken during discussions with defense counsel or its team are work product and need not be disclosed. |
|---|---|
| "All materials provided to the defense regarding Dr. Gregory's assessment of the defendant." | If Dr. Gregory prepared a report following her assessment of Defendant, and if she will testify for the defense at sentencing, the report must be disclosed.<br><br>If Dr. Gregory is in possession of raw data from testing she administered, then, as already indicated, such raw data will only be provided to an expert identified by the Government to assist them in this case. |
| "All drafts of Dr. Derning's report." | No disclosure is required of any drafts of Dr. Derning's report. Counsel may examine as to the report and its conclusions including any opinions that developed or changed during the testing process or the writing of the report. |
| "All contracts and correspondence between Dr. Derning and the defense." | These documents are work product and need not be disclosed. |

As to the remaining categories of documents not specifically addressed above, the court accepts Defendant's representations that such documents either do not exist, have been produced or are already in the Government's possession.


**IT IS SO ORDERED.**

Dated: October 29, 2015

EDWARD J. DAVILA
United States District Judge